# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANCHESCA REYES, Individually and on Behalf of All Others Similarly Situated, | § § § | |
| Plaintiff, | § § § | CIVIL ACTION NO. _____ |
| V. | § § | **JURY TRIAL DEMANDED** |
| MAG PITT, LLC.; MAG PITT L.P. D/B/A CHEERLEADERS GENTLEMEN'S CLUB; and JOHN MEEHAN, Individually, | § § § § § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT
## COLLECTIVE ACTION, CLASS ACTION AND JURY DEMAND

Plaintiff Franchesca Reyes, on behalf of herself and of all others similarly situated, allege as follows:

## SUMMARY

1.      Defendant Mag Pitt, LLC, Mag Pitt, L.P. d/b/a Cheerleaders Gentlemen's Club, and John Meehan ("Defendants") required Plaintiff Franchesca Reyes ("Plaintiff") to work as an exotic dancer at its adult entertainment club, but refused to compensate her at the applicable minimum wage. In fact, Defendants refused to compensate Plaintiff whatsoever for any hours worked.  Plaintiff's only compensation was in the form of tips from club patrons.  Moreover, Plaintiff was required to divide her tips with Defendants and other employees who do not customarily receive tips. Defendants misclassifies dancers as independent contractors. Therefore, Defendants have failed to compensate Plaintiff at the federally-mandated minimum wage rate.

2.      Defendant's Defendants' conduct violates the Fair Labor Standards Act ("FLSA") minimum wage provision, by failing to pay tipped employees pursuant to 29 U.S.C. § 203(m).  *See*

29 U.S.C. § 206.  Defendant's conduct also violates the Pennsylvania Minimum Wage Act ("PMWA") which similarly requires the payment for all hours worked in a workweek. *See* 43 P.S. §§ 333.101, *et seq.*

3.     Plaintiff brings a collective action to recover the minimum wages owed to her individually and on behalf of all other similarly situated employees, current and former, of Defendants. Members of the Collective Action are hereinafter referred to as "FLSA Class Members."

4.     Plaintiff also brings claims under the PMWA as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all current and former exotic dancers of Defendants who were not paid minimum wage in Pennsylvania during the three-year period before the filing of this Complaint to the present. Members of the Class Action are hereinafter referred to as "Pennsylvania Class Members."

## SUBJECT MATTER JURISDICTION AND VENUE

5.      This court has federal question jurisdiction over the subject matter of this action per 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the Fair Labor Standards Act, 29 U.S.C. § 216(b).

6.     This Court has jurisdiction over Plaintiff's PMWA claims pursuant to 28 U.S.C. § 1367 because those claims are so related to his FLSA claims that they form part of the same case or controversy.

7.     Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to this claim occurred in this District, including many of the wrongs herein alleged. Plaintiff worked in this District when the violations at issue took place, and Defendants operate an adult entertainment club that is located in this District.

## PARTIES AND PERSONAL JURISDICTION

8.      Plaintiff Franchesca Reyes is an individual residing in Allegheny County, Pennsylvania.  Plaintiff's written consent to this action is attached hereto as Exhibit "A."

9.      Putative opt-in Plaintiffs are current or former exotic dancers who have worked at Defendants' adult entertainment club within the applicable limitations period and have filed a valid consent to join this suit with the Court.

10.     The FLSA Class Members and Pennsylvania Class Members are all current and former exotic dancers who worked at Defendants' adult entertainment club at any time starting three years before this complaint was filed, up to the present. The FLSA Class Members and the Pennsylvania Class Members are collectively the "Class Members" as used herein.

11.      Defendant Mag Pitt, LLC is a limited liability company organized under the laws of Pennsylvania that operates through the country.  Defendant may be served process at Defendants' corporate office: 3100 Liberty Ave, Pittsburgh, Pennsylvania 15201.

12.     Defendant Mag Pitt, L.P. is a limited partnership organized under the laws of Pennsylvania that operates through the country.  Defendant may be served process at Defendants' corporate office: 3100 Liberty Ave, Pittsburgh, Pennsylvania 15201.

13.     Defendant John Meehan is an individual who resides in Pennsylvania. He is an Principal Director of the corporate Defendants. He may be served with process individually at his usual place of business and Defendants' corporate office: 3100 Liberty Ave, Pittsburgh, Pennsylvania 15201.

14.     This Court has personal jurisdiction over Defendants because Defendants purposefully availed themselves of the privileges of conducting activities in the State of Pennsylvania and established minimum contacts sufficient to confer jurisdiction over said

Defendants, and the assumption of jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

15.     Defendants have and continue to have systematic contacts with the State of Pennsylvania sufficient to establish general jurisdiction over them. Specifically, Defendants conduct and/or conducted business in Pennsylvania by operating a club in Levittown, Pennsylvania. Defendants also employ workers and contract with residents and business in Pennsylvania.

16.     This cause of action arose from or relates to the contacts of Defendants with Pennsylvania residents, thereby conferring specific jurisdiction over Defendants

## FLSA COVERAGE

17.     At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA.  29 U.S.C. § 203(d).

18.     At all material times, Defendant has been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendant has had and continue to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

19.     Furthermore, Defendant has an annual gross business volume of not less than $500,000.

20.     At all material times, Plaintiff and FLSA Class Members were individual employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

21.     Further, at all material times, Defendants have operated as a "single enterprise" within the meaning of 3(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1).  That is, Defendants perform related activities through unified operation and common control for a common business purpose.

22.     Defendant John Meehan is the Principal Director of the corporate Defendants d/b/a Cheerleaders Gentlemen's Club. Defendant John Meehan is involved in the day-to-day business operations of the corporate Defendants. As the principal director of Cheerleaders Gentlemen's Club, Defendant John Meehan employed the Plaintiff, FLSA Class Members, and Pennsylvania Class Members as employees who danced for and entertained customers.

23.     Defendant John Meehan has the authority to hire and fire employees, the authority to direct and supervise work of the employees, the authority to sign on the business's checking accounts, including payroll accounts, and the authority to make decisions regarding employee compensation and capital expenditures.

24.     Defendant John Meehan controlled the nature, pay structure, and employment relationship of Plaintiff, FLSA Class Members, and Pennsylvania Class Members.

## FACTS

25.     Defendants operate an adult entertainment club in Pittsburgh, Pennsylvania under the name of "Cheerleaders Gentlemen's Club."

26.     Defendants employ exotic dancers.

27.     Plaintiff worked on a regular basis for Defendants' establishment located in Pittsburgh, Pennsylvania.

28.     Plaintiff was compensated exclusively through tips from Defendants' customers. That is, Defendants did not pay Plaintiff whatsoever for any hours worked at its establishment.

29.     Plaintiff was employed as an exotic dancer at Defendants' adult entertainment club during the statutory time period.

30.     Plaintiff worked at Cheerleaders Gentlemen's Club from approximately August 2016 until July 2017.

31.     Plaintiff worked approximately 6 hours per shift.

32.     Plaintiff worked approximately 5 shifts per week.

33.     Plaintiff worked at least approximately 30 hours per week from August 2016 until July 2017 and was never received minimum wage for a single work week. For example:

   a.   Plaintiff worked the week of August 15, 2016-August 21, 2016 and did not receive minimum wage.

   b.   Plaintiff worked the week of August 22, 2016-August 28, 2016 and did not receive minimum wage.

   c.   Plaintiff worked the week of August 29,2016-September 4, 2016 and did not receive minimum wage.

   d.   Plaintiff worked the week of September 5, 2016-September 11, 201 and did not receive minimum wage.

34.     Furthermore, Defendants charged Plaintiff a "house fee" per shift worked. Defendants also required Plaintiff to share their tips with other non-service employees who do not customarily receive tips, including the disc jockeys and the bouncers.

35.     Plaintiff, FLSA Class Members, and Pennsylvania Class Members received tips and/or dance fees from Defendants' customers.

36.     The tips and/or dance fees received by Plaintiff, FLSA Class Members, and Pennsylvania Class Members were not included in Defendants' gross sales receipts.

6

37.     Defendants illegally classified the dancers as independent contractors.  However, at all times, Plaintiff, FLSA Class Members, and Pennsylvania Class Members were employees of Defendants.

38.     Defendants hired/fired, issued pay, supervised, directed, disciplined, scheduled and performed all other duties generally associated with that of an employer with regard to the dancers.

39.     In addition, Defendants instructed the dancers about when, where, and how they were to perform their work.

40.     The following further demonstrates the dancers' status as employees:

a.  Defendants have the sole right to hire and fire the dancers;

b.  Defendants require dancers to complete an employee application as a prerequisite to their employment;

c.  Defendants required dancers to audition prior to be being hired;

d.  Defendants made the decision not to pay wages;

e.  Defendants provide the dancers with music equipment and a performing stage;

f.  Defendants supervise the dancers;

g.  Defendants required dancers utilize a sign-in/sign-out system to track and monitor the time worked in the club;

h.  Defendants required dancers to wear a wrist band to track the number of lap dances performed per shift.

i.  Defendants required dancers to work a minimum of 6 hours a day;

j.  Defendants terminated dancers if they did not pay house fees;

k.  Defendants increase the house fee if the dancer arrives late to her shift.

l.   Defendants exercise sole control over how much a dancer can charge a third party customer;

m.  Defendants charge a rental room fee and require dancers pay the club when dancing in the VIP room;

n.   Defendants require dancers to dance completely topless while on stage;

o.   Defendants require that dancers purchase their uniforms;

p.   Defendants demand dancers wear a high heel type of shoe or else prohibit the dancers from performing;

q.   Defendants invest heavily in their enterprise and establishment by providing the dancers with music equipment and a performing stage;

r.   Dancers must perform stage dances when called upon to do so, pursuant to a rotation system controlled by the club;

s.   Dancers did not have the right to ignore a call to perform on stage, unless dancer paid a skip fee to the DJ.

t.   Dancers are not responsible for paying any facility expenses relating to the operation of the club;

u.   Defendants schedule dancers and as such have sole control over their opportunity for Defendants maintain exclusive control over major determinants of customer volume such as marketing, advertising, business hours, facility maintenance, aesthetics, beverage inventory, and setting the cover charge price profit;

v.   Dancers have no control over the key determinants of profit and loss;

w.  Performing as an exotic dancer does not require a special skill, rather dancers are hired based on their looks;

x.  Defendants apply fines/fees to the dancers if they fail to follow Defendants' guidelines or directions; and

y.  Dancers are integral to the business of Defendants without whom, patrons would have virtually no reason to enter the Defendants' establishment and enable to club to stay in business.

41.  Defendants misclassified Plaintiff, FLSA Class Members, and Pennsylvania Class Members as independent contractors to avoid Defendants' obligation to pay them pursuant to the FLSA.

42.  Plaintiff is not exempt from the minimum wage requirements under the FLSA.

43.  Although Plaintiff and FLSA Class Members receive no compensation whatsoever from Defendants and thus, Defendants violate the minimum wage requirement of the FLSA. *See* 29 U.S.C. § 206.

44.  Defendants' method of paying Plaintiff and Class Members in violation of the FLSA was willful and was not based on a good faith and reasonable belief that its conduct complied with the FLSA.  Defendants misclassified Plaintiff and Class Members with the sole intent to avoid paying them in accordance to the FLSA. There are multiple federal court opinions finding that this method of compensation is in violation of the FLSA, and therefore, Defendants' conduct is willful.

45.  Defendants' method of paying Plaintiff and the Pennsylvania Class Members was in violation of the Pennsylvania Minimum Wage Act and Pennsylvania Wage Law and was willful and not based on a good faith and reasonable belief that its conduct complied with Pennsylvania Law.

46.     Further, Defendants failed to keep adequate records of Plaintiff's and FLSA Class Members' work hours and pay in violation of section 211(c) of the Fair Labor Standards Act. *See* 29 U.S.C. § 211(c).

47.     Federal law mandates that an employer is required to keep for three years all payroll records and other records containing, among other things, the following information:

    a.   The time of day and day of week on which the employees' work week begins;

    b.   The regular hourly rate of pay for any workweek in which overtime compensation is due under section 7(a) of the FLSA;

    c.   An explanation of the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, or other basis;

    d.   The amount and nature of each payment which, pursuant to section 7(e) of the FLSA, is excluded from the "regular rate";

    e.   The hours worked each workday and total hours worked each workweek;

    f.   The total daily or weekly straight time earnings or wages due for hours worked during the workday or workweek, exclusive of premium overtime compensation;

    g.   The total premium for overtime hours.  This amount excludes the straight-time earnings for overtime hours recorded under this section;

    h.   The total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments;

    i.   The dates, amounts, and nature of the items which make up the total additions and deductions;

    j.   The total wages paid each pay period; and

    k.   The date of payment and the pay period covered by payment.

29 C.F.R. 516.2, 516.5.

48.     Defendants have not complied with federal law and have failed to maintain such records with respect to the Plaintiff and FLSA Class Members.   Because Defendants' records are inaccurate and/or inadequate, Plaintiff and FLSA Class Members can meet their burden under the FLSA by proving that they, in fact, performed work for which they were improperly compensated, and produce sufficient evidence to show the amount and extent of the work "as a matter of a just and reasonable inference." *See, Anderson v. Mt. Clemens Pottery Co.¸* 328 U.S. 680, 687 (1946).

## EQUITABLE TOLLING

49.     The doctrine of equitable tolling preserves a plaintiff's full claim when a strict application of the statute of limitations would be inequitable.  *See Partlow v. Jewish Orphans' Home of S. Cal., Inc.*, 645 F.2d 757, 760–61 (9th Cir. 1981), *abrogated on other grounds by Hoffman-LaRoche Inc. v. Sperling*, 493 U.S. 165 (1989).

50.     Equitable tolling is proper when an employer has engaged in misleading conduct. Defendants intentionally misled Plaintiff and Class Members into believing that Defendants were not required to pay them minimum wage.  Defendants coerced the Plaintiff, FLSA Class Members, and Pennsylvania Class Members into believing that they were independent contractors. Additionally, Defendants failed to place the necessary and required Department of Labor posters which inform workers of their rights. Consequently, Plaintiff, FLSA Class Members, and Pennsylvania Class Members were victims of fraud and unable to ascertain any violation taking place.

51.     Thus, the statute of limitations for the Plaintiff, FLSA Class Members, and Pennsylvania Class Members should be equitably tolled due to Defendants' fraudulent concealment of the Plaintiff's, FLSA Class Members' and Pennsylvania Class Members' rights.

Plaintiff therefore seeks to have the limitations period extended from the first date that Defendants used this covert payroll practice up to the time each Plaintiff joins this lawsuit.

## I.       CAUSES OF ACTION

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

### FAILURE TO PAY THE MINIMUM WAGE

### (COLLECTIVE ACTION)

52.     Plaintiff incorporate all allegations contained in the foregoing paragraphs.

53.     Defendants' practice of failing to pay Plaintiff and FLSA Class Members at the required minimum wage rate violates the FLSA. 29 U.S.C. § 206.  In fact, Defendants do not compensate them whatsoever for any hours worked and have violated the tip credit provision under the FLSA as described above.

54.     None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate are applicable to the Defendants or the Plaintiff.

### COUNT II

### VIOLATION OF PENNSYLVANIA MINIMUM WAGE ACT

### FAILURE TO PAY MINIMUM WAGE

### (CLASS ACTION)

55.     Plaintiff and Pennsylvania Class Members incorporate all allegations contained in the foregoing paragraphs.

56.     Defendants' practice of willfully failing to pay Plaintiff and Pennsylvania Class Members wages at the rate of the Pennsylvania Minimum Wage violates the Pennsylvania Minimum Wage Act. 43 Pa. Stat. Ann. §333.104. In fact, Defendants do not compensate them whatsoever for any hours worked and have violated the compensation provision under

Pennsylvania law as described above.

## COLLECTIVE ACTION ALLEGATIONS

**A.     FLSA Class Members**

65.     Plaintiff brings this action as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons who were or are employed by Defendants as exotic dancers at any time during the three years prior to the commencement of this action to present.

66.     Plaintiff has actual knowledge that FLSA Class Members have also been denied pay at the federally mandated minimum wage rate.  That is, Plaintiff worked with other dancers who worked at Cheerleaders Gentlemen's Club.  As such, Plaintiff has first-hand personal knowledge of the same pay violations at Cheerleaders Gentlemen's Club for other dancers. Furthermore, other exotic dancers at Defendants' establishment have shared with Plaintiff similar pay violation experiences as those described in this complaint.

67.     Defendants have denied FLSA Class Members full compensation at the federally mandated minimum wage rate.

68.     FLSA Class Members perform or have performed the same or similar work as Plaintiff.

69.     FLSA Class Members are not exempt from receiving the federally mandated minimum wage rate under the FLSA.

70.     As such, FLSA Class Members are similar to Plaintiff in terms of job duties, pay structure, misclassification as independent contractors and/or the denial of minimum wage.

71.     Defendants' failure to pay hours worked at the minimum wage rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the FLSA Class Members.

72.     The experiences of Plaintiff, with respect to her pay, are typical of the experiences of the FLSA Class Members.

73.     The specific job titles or precise job responsibilities of each FLSA Class Member does not prevent collective treatment.

74.     All FLSA Class Members, irrespective of their particular job requirements, are entitled to compensation for hours worked at the federally mandated minimum wage rate.

75.     Although the exact amount of damages may vary among FLSA Class Members, the damages for the FLSA Class Members can be easily calculated by a simple formula.  The claims of all FLSA Class Members arise from a common nucleus of facts.  Liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to all FLSA Class Members.

76.     As such, Plaintiff bring their FLSA minimum wage claims as a collective action on behalf of the following class:

> **The FLSA Class Members are all of Defendants' current and former exotic dancers who worked for Defendants at any time starting <u>three years before this lawsuit was filed</u> up to the present.**

**B.     Pennsylvania Class Action**

72.     Plaintiff and the Pennsylvania Class Members incorporate all preceding paragraphs as though fully set forth herein.

73.     Plaintiff brings her Pennsylvania wage claims as a Rule 23 class action on behalf of the following class:

> **The Pennsylvania Class Members are all of Defendants' current and former exotic dancers who worked for Defendants at any time starting three years before this lawsuit was filed up to the present.**

74.     <u>Numerosity</u>.  The number of members in the Pennsylvania Class is believed to be over forty.  This volume makes bringing the claims of each individual member of the class before this Court impracticable.  Likewise, joining each individual member of the Pennsylvania Class as a plaintiff in this action is impracticable.  Furthermore, the identity of the members of the Pennsylvania Class will be determined from Defendants' records, as will the compensation paid

to each of them. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice the Pennsylvania Class and Defendants.

75.    <u>Typicality</u>.  Plaintiff's claims are typical of the Pennsylvania Class because like the members of the Pennsylvania Class, Plaintiff was subject to Defendants' uniform policies and practices and was compensated in the same manner as others in the Pennsylvania Class. Defendants failed to pay non-exempt employees who worked at Cheerleaders Gentlemen's Club minimum wage for any hours worked.  Plaintiff and the Pennsylvania Class were not paid minimum wage for all of their hours worked.  Plaintiff and the Pennsylvania Class have been uncompensated and/or under-compensated as a result of Defendants' common policies and practices which failed to comply with Pennsylvania law.

76.    <u>Adequacy</u>.  Plaintiff is a representative party who will fairly and adequately protect the interests of the Pennsylvania Class because it is in her interest to effectively prosecute the claims herein alleged in order to obtain the unpaid wages and penalties required under Pennsylvania law.  Plaintiff has retained attorneys who are competent in both class actions and wage and hour litigation.  Plaintiff does not have any interest which may be contrary to or in conflict with the claims of the Pennsylvania Class she seeks to represent.

77.    <u>Commonality</u>.  Common issues of fact and law predominate over any individual questions in this matter.  The common issues of fact include, but are not limited to:

a.    Whether Defendants failed to pay Plaintiff and Pennsylvania Class the minimum wage for all hours worked.

78.    The common issues of law include, but are not limited to:

a.    Whether Defendants improperly classified Plaintiff and the Pennsylvania Class as independent contractors;

b.      Whether Plaintiff and the Pennsylvania Class are entitled to compensatory damages;

c.      The proper measure of damages sustained by Plaintiff and the Pennsylvania Class; and

d.      Whether Defendants' actions were "willful."

79.      Superiority.  A class action is superior to other available means for the fair and efficient adjudication of this lawsuit.  Even in the event any member of the Pennsylvania Class could afford to pursue individual litigation against a company the size of Defendants, doing so would unduly burden the court system. Individual litigation would magnify the delay and expense to all parties and flood the court system with duplicative lawsuits. Prosecution of separate actions by individual members of the Pennsylvania Class would create the risk of inconsistent or varying judicial results and establish incompatible standards of conduct for Defendants.

80.      A class action, by contrast, presents far fewer management difficulties and affords the benefits of uniform adjudication of the claims, financial economy for the parties, and comprehensive supervision by a single court.  By concentrating this litigation in one forum, judicial economy and parity among the claims of individual Pennsylvania Class Members are promoted. Additionally, class treatment in this matter will provide for judicial consistency. The identity of members of the Pennsylvania Class is readily identifiable from Defendants' records.

81.      This type of case is well-suited for class action treatment because: (1) Defendants' practices, policies, and/or procedures were uniform; (2) the burden is on the Defendants to prove it properly compensated its employees; and (3) the burden is on the Defendants to accurately record hours worked by employees.

82.      Ultimately, a class action is a superior forum to resolve the Pennsylvania claims

detailed herein because of the common nucleus of operative facts centered on the continued failure of Defendants to pay Plaintiff and the Pennsylvania Class according to applicable Pennsylvania laws.

83.    <u>Nature of notice to be proposed</u>.  As to the Rule 23 Class, it is contemplated that notice would be issued giving putative class members an opportunity to opt out of the class if they so desire, *i.e.* "opt-out notice."  Notice of the pendency and resolution of the action can be provided to the Pennsylvania class by mail, electronic mail, print, broadcast, internet and/or multimedia publication.

## **DAMAGES SOUGHT**

84.    Plaintiff and Class Members are entitled to recover an equal amount of their unpaid minimum wages as liquidated damages 29 U.S.C. § 216(b).

85.    Plaintiff and Class Members also entitled to recover their attorney's fees and costs, as required by the FLSA and the PWMA.  29 U.S.C. § 216(b); 43 P.S. § 333.113.

## **JURY DEMAND**

86.     Plaintiff and Class Members hereby demand trial by jury on all issues.

## **PRAYER**

87.    For these reasons, Plaintiff and Class Members respectfully request that judgment be entered in their favor awarding them the following:

   a.   All unpaid wages at the FLSA and PWMA mandated minimum wage rate;

   b.   Reasonable attorney's fees, costs, expenses, and interest of this action as provided by the FLSA and the PMWA;

   c.   Such other and further relief to which Plaintiff and Class Members may be entitled, both at law and in equity.

Respectfully submitted,

RUPPERT, MANES & NARAHARI

By: /s/ *Christi Wallace*
Christi Wallace, Esq.
PA ID No. 313721
Ruppert, Manes & Narahari
U.S. Steel Tower, 48th Floor
600 Grant Street, Suite 4875
Pittsburgh, PA 15219
Phone:  (412) 626-5575
Fax:  (412) 206-0834
Cw@rmn-law.com

KENNEDY HODGES, L.L.P.

By:  /s/ *Gabriel A. Assaad*
    Gabriel A. Assaad
    gassaad@kennedyhodges.com
    Texas State Bar No. 24076189 (will apply for
    admission *pro hac vice*)
    KENNEDY HODGES, L.L.P.
    4409 Montrose Blvd., Ste. 200
    Houston, TX 77006
    Telephone: (713) 523-0001
    Facsimile: (713) 523-1116

    LEAD ATTORNEY IN CHARGE FOR
    PLAINTIFF AND CLASS MEMBERS

DocuSign Envelope ID: 7EF12F41-0525-4717-B218-4F954EADDDC0

## NOTICE OF CONSENT TO BE A PARTY PLAINTIFF

Fair Labor Standards Act of 1938, 29 U.S.C. 216(b)

I consent to be a party plaintiff in the case in which this consent is filed.  By joining this lawsuit, I designate the named plaintiff(s) in the case in which this consent is filed and his/her attorneys (and other persons those individuals designate as necessary) as my representatives to make all decisions on my behalf, to the extent permitted by law, concerning the method and manner of conducting the case including settlement, the entering of an agreement with Plaintiff's counsel regarding payment of attorneys' fees and court costs, and all other matters pertaining to this lawsuit.  I further acknowledge that I intend for this consent to be filed in order to recover any unpaid wages owed to me by my current/former employer whether this consent is filed in this action or in any private cause of action that may be filed on my behalf for such recovery at a later time.  For purposes of pursuing my unpaid wage claims I choose to be represented by Forester Haynie PLLC and other attorneys with whom they may associate.

Date: 12/9/2018 | 1:00 PM PST

Signature: *Franchesca Reyes*
DocuSigned by:
64ADE83B07DE4AE...

Printed Name: Franchesca Reyes

Consent Form